09-4899-bk
*In re: Robert V. Case*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand and ten.

PRESENT: BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges*,
RICHARD W. GOLDBERG,
*Judge.*<sup>*</sup>

_____

IN RE: ROBERT V. CASE,

ROBERT V. CASE,

    *Debtor-Appellant*,

  -v.-        09-4899-BK

UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE,

    *Appellees.*

_____

---

<sup>*</sup> The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

FOR APPELLANT:     ROBERT V. CASE, *pro se*, Groton, NY.

FOR APPELLEE:      THOMAS J. CLARK and CURTIS C. PETT, Attorneys, Tax Division (Richard S. Hartunian, United States Attorney for the Northern District of New York, *of counsel*), for John A. DiCicco, Acting Assistant Attorney General, Department of Justice, Washington, DC.

Appeal from the United States District Court for the Northern District of New York (Mordue, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be **AFFIRMED.**

Debtor-Appellant Robert V. Case appeals from a judgment of the United States District Court for Northern District of New York (Mordue, *C.J.*), denying his appeal from an order of the United States Bankruptcy Court (Cangilos-Ruiz, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When faced with an appeal from a district court's review of a decision of the bankruptcy court, we conduct independent review of the bankruptcy court decision. *In re Enron Corp.*, 419 F.3d 115, 124 (2d Cir. 2005). We review a decision to lift an automatic stay for abuse of discretion. *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir. 2003).

A bankruptcy court is authorized under 11 U.S.C. § 362(d)(1) to lift an automatic stay "for cause." A stay may be lifted to permit litigation to continue against the debtor in another court. *See In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002). We have catalogued a number of factors that a court should consider when faced with a motion to lift a stay so that other pending litigation may continue. *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). The Bankruptcy Court in the case before us considered the *Sonnax* factors carefully, and properly exercised its discretion by modifying the stay.

We have reviewed all of Case's arguments and find them to be meritless.

The judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3